TABULATING SERVICE BUREAU, INC. v.
COMMISSIONER OF TAXATION.

204 N. W. 2d 442.

February 16, 1973—No. 43562.

*Warren Spannaus,* Attorney General, and *C. H. Luther,* Special Assistant Attorney General, for relator.
*David R. Roberts,* for respondent.

PER CURIAM.

This is another in a series of cases heard this term in which the commissioner of taxation seeks review of a decision of the Tax Court reversing his construction and application of Minn. St. 1969, § 272.02(11) (b),[1] so as to grant the taxpayer an exemption from ad valorem taxes on personal property claimed by the taxpayer to be machinery used in the processing for sale of a marketable product within the contemplation of the exemption granted by § 272.02(11) (b).

Since the exemption statute applying to this case has now been amended, effective January 2, 1972, so as to unequivocally grant an exemption from taxation of all machinery considered by law to be per-

---

[1] Minn. St. 1969, § 272.02(11), enacted as part of the Tax Reform and Relief Act of 1967, provided in part: "All property described in this section to the extent herein limited shall be exempt from taxation:

\* \* \* \* \*

"(b) Tools and *machinery which by law is considered as personal property used or useable* in construction of buildings or highways or *in the* manufacture, *processing,* production, *sale or distribution of marketable products* including but not limited to goods, wares and merchandise and processing of food and fiber." (Italics supplied.)

sonal property such as is involved in this case,[2] our decision merely disposes of this and other cases arising before 1972 and should not be considered as having precedential future value even though the reasoning of the Tax Court which we adopt might arguably be urged in cases involving similar statutory provisions included in our sales tax act.

Taxpayer, Tabulating Service Bureau, Inc., is engaged in the business of providing and selling computer and card record machine data processing. It receives from its customers basic media ready to be processed. The taxpayer's computer and card record equipment then search out and assemble the basic data, producing one or more printouts in the form of payroll checks, "aged" accounts receivable reports, withholding records, inventory reports, or other desired output. In filing its personal property tax return in May 1969, taxpayer, as authorized by the statute, elected to exempt as "tools and machinery" its data processing machinery, which includes its tape drives, IBM computer, printer, sorters, and card record equipment.

The commissioner contends that taxpayer is not engaged in "processing" a "marketable product" with its computer machinery within the meaning of § 272.02(11). Rather, it is the commissioner's position that the taxpayer performs a service for its 25 to 40 customers. As such, the commissioner believes taxpayer is not entitled to the exemption set forth in the statute.

The 1969 exemption statute embodied three requirements: (1) The machinery must be considered by law as personal property; (2) the personal property must be used or usable in manufacturing or processing; and (3) the manufacturing or processing must be of a marketable product.

The first inquiry need not detain us, since both parties properly regarded taxpayer's machinery as personal property. We are further persuaded that the taxpayer's computer machinery was used in "processing" the invoices, customer bills, payroll checks, and other items provided by its customers. Our decision must then turn on whether that which is the result of this processing is both a "product" and "marketable" as those terms were used in § 272.02(11) (b).

---

[2] Minn. St. 1969, § 272.02(11), was amended by Ex. Sess. L. 1971, c. 31, art. XXII, § 3, effective January 2, 1972, to now provide: "The taxpayer shall be exempted with respect to * * * tools and machinery which by law are considered as personal property, except personal property which is part of an electric generating, transmission, or distribution system or a pipeline system transporting or distributing water, gas, or petroleum products."

From the record before us, it appears that what taxpayer sells to its customers is the periodic processing of data. The output of its computer machinery, in addition to that noted earlier, consists of general ledger preparation, including subledger breakdowns by fund, department, and object; inventory records; and accounts payable reports.

Accordingly, in answer to the third exemption requirement, we believe the processing of the customer data performed by taxpayer's computer machines to be "action, operation, or work" necessary to produce a "product" within the ordinary meaning of that word as it was used in § 272.02(11) (b), and discussed in In re Answer of Minnesota Power & Light Co. 289 Minn. 64, 74, 182 N. W. 2d 685, 691 (1970). That the product taxpayer produces is marketable is hardly open to doubt, as the existence of its numerous customers attests.

In affirming the Tax Court, we adopt the reasons set forth in its published opinion, the most significant being the acknowledgement that—

"* * * Technological advancements have substantially changed many features of our society. The fact that a computer now processes a mechanical device and prints out materials which formerly could only be done by hand does not require that we continue to regard such items as services. This Court takes judicial notice of these scientific advances." Tabulating Service Bureau, Inc. v. Commr. of Taxation, Docket No. 1561, Jan. 5, 1972.

Accordingly, a fair construction of the language in the exemption statute as it existed in 1969 entitled the taxpayer to elect to have its machinery exempt from taxation.

Affirmed.

MR. JUSTICE TODD took no part in the consideration or decision of this case.