NORTHWEST OPTIMATION SERVICES, INC. v.
COUNTY OF HENNEPIN.

204 N. W. 2d 640.

February 23, 1973—No. 43555.

*Faegre & Benson, Rodger L. Nordbye,* and *Hubert V. Forcier,* for appellant.

*George M. Scott,* County Attorney, and *David E. Mikkelson,* Assistant County Attorney, for respondent.

PER CURIAM.

Appellant, Northwest Optimation Services, Inc., seeks review of a decision of the district court affirming the decision of the assessor for the city of Minneapolis denying an exemption from ad valorem taxes with respect to a computer system owned by appellant. The issue is whether, as of January 2, 1970, the optical character recognition system (computer system) owned by appellant was exempt from ad valorem taxation as tools or machinery used or usable in the manufacture, processing, production, sale, or distribution of a marketable product within the meaning of Minn. St. 1969, § 272.02 (11) (b).[1] There is no dispute that

[1] Minn. St. 1969, § 272.02 (11), has since been amended by Ex. Sess. L. 1971, c. 31, art. XXII, § 3, effective January 2, 1972, with the result that virtually all business personal property is now exempt from taxation, without regard to the manner in which it is used.

the computer system is personal property and is properly defined as machinery.

In its basic operation, appellant's computer system optically reads printed letters and numerals, as well as handwriting in some instances, converts these graphical configurations into electrical impulses and, in turn, converts the impulses into magnetic variations on tape and then back into printed format. Appellant's work for its customers consists of using its system to place printed and written information on magnetic tapes for further use by its customers on their own computer systems, as well as reproducing it in the form of print-outs also furnished to the customers.

We hold, in accordance with our decision in Tabulating Service Bureau, Inc. v. Commr. of Taxation, 295 Minn. 562, 204 N. W. 2d 442 (1973), that the result of appellant's operations constitutes a "marketable product" within the terms of § 272.02 (11) (b) and thus its computer system is exempt from ad valorem taxation.

Reversed.

